**Order entered July 31, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00621-CR

### BYRON KEITH BOOKER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F09-58130-U**

## ORDER

By letter dated May 19, 2015, the Court notified the trial court that it questioned the accuracy of the certification of appellant's right to appeal. Specifically, we noted that the certification states the case involves a plea bargain and appellant has no right to appeal. The record before the Court, however, reflects that the appeal is from the trial court's judgment adjudicating guilt. Although there was a plea agreement during the adjudication proceeding, the restrictions of rule 25.2(a)(2) regarding plea bargains do not apply to plea bargain agreements that take place at the hearing on the motion to adjudicate guilt. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005). Moreover, nothing in the plea agreement form reflects appellant waived his right to appeal as part of the agreement. Because it appeared the statements in the certification were not supported by the record, we asked the trial court to file an amended

certification within ten days that accurately reflects the trial court proceedings. To date, the trial court has not filed an amended certification of appellant's right to appeal.

Additionally, the reporter's record is overdue in this appeal. Accordingly, we **ORDER** the trial court to make findings of fact regarding whether appellant has been deprived of the reporter's record because of ineffective counsel, indigence, or for any other reason.

- The trial court shall first determine whether appellant desires to prosecute the appeal. If the trial court determines that appellant does not desire to prosecute the appeal, it shall make a finding to that effect.

- If the trial court determines that appellant desires to prosecute the appeal, it shall next determine whether appellant is indigent and entitled to proceed without payment of costs for the reporter's record. If appellant is entitled to proceed without payment of costs, the trial court shall make a finding to that effect. Moreover, if appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel. If the trial court finds appellant is not indigent, it shall determine whether retained counsel has abandoned the appeal.

- The trial court shall next determine: (1) the name and address of each court reporter who recorded the proceedings in this cause; (2) the court reporter's explanation for the delay in filing the reporter's record; and (3) the earliest date by which the reporter's record can be filed.

We further **ORDER** the trial court to prepare an amended certification of appellant's right to appeal that accurately reflects the trial court proceedings regarding the motion to adjudicate guilt.

We **ORDER** the trial court to transmit a record, containing the written findings of fact, any supporting documentation, and any orders, to this Court within **THIRTY DAYS** of the date of this order. We **ORDER** that the supplemental record contain the trial court's amended certification of appellant's right to appeal.

We **DIRECT** the Clerk to send copies of this order to the Honorable Stephanie Mitchell, Presiding Judge, 291st Judicial District Court, and to counsel for all parties.

The appeal is **ABATED** to allow the trial court to comply with this order.  The appeal shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

/s/     LANA MYERS
            JUSTICE